```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
GLASER MONTINOLA,                                                   :
                                                                    :
                                                                    :
                              Petitioner,                           :      **MEMORANDUM AND ORDER**
                                                                    :
              -against-                                             :
                                                                    :      05-cv-2753 (SLT) (VVP)
                                                                    :
UNITED STATES OF AMERICA,                                           :
                                                                    :
                              Respondent.                           :
------------------------------------------------------------------- x
```

**TOWNES, United States District Judge:**

Petitioner Glaser Montinola ("Petitioner"), proceeding *pro se*, brings a habeas corpus petition pursuant to 28 U.S.C. § 2255. Petitioner argues that his trial attorney, Uzmah Saghir, affirmatively misrepresented to him the deportation consequences of his guilty plea. For the reasons set forth below, the court denies the petition.

### I. BACKGROUND

Petitioner, a lawful permanent resident of the United States and citizen of the Philippines, was indicted by a grand jury on the charge of conspiring to distribute and possess with intent to distribute five hundred grams or more of a substance containing methamphetamine in violation of 21 U.S.C. § 846. Thereafter, he entered into plea negotiations with the Government. Throughout his plea negotiations, Petitioner was represented by defense counsel Uzmah Saghir. As a result of those negotiations, Petitioner agreed to plead guilty to the indictment and signed a plea agreement with the Government. On August 2, 2004, Petitioner entered his guilty plea before Magistrate Judge Pohorelsky. Following the entry of his plea, on February 11, 2005, Petitioner was sentenced 24 months imprisonment, three years of supervised release and a $100 special assessment.

On June 8, 2005, Petitioner filed his petition for a writ of habeas corpus pursuant to section 2255 seeking to vacate the judgment rendered on February 11, 2005 due to the

ineffective assistance of his counsel. Petitioner claimed that the immigration law advice provided by his counsel in connection with his plea agreement was ineffective because his counsel affirmatively misled him about the immigration consequences of his plea. More to the point, Petitioner asserts that his counsel advised him that, because of his status as a permanent resident, his guilty plea would not result in his automatic deportation and he would be eligible for a waiver pursuant to INA § 212(c). (Petitioner's § 2255 Petition ("§ 2255 Petition").) For the following reasons, the court denies the petition.

II. DISCUSSION

A. Petitioner Waived His Right to Seek *Habeas* Relief

Petitioner waived his right to seek *habeas* relief when he agreed not to "file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 78 months or below." (Plea Agreement Attached to Government Response ("Plea Agreement") at 3.) Because Petitioner was sentenced to 24 months' imprisonment, which was below the threshold specified in his plea agreement, he waived his right to challenge his conviction.

Courts have rejected *habeas* petitioners' attempts to challenge their convictions where petitioners waived that right pursuant to a written plea agreement. *See Garcia-Santos v. United States*, 273 F.3d 506 (2d Cir. 2001) (per curiam); *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995). Specifically, courts have upheld such waivers when a petitioner agrees, pursuant to a written plea agreement, not to challenge a sentence within a stipulated guideline range. *See Garcia-Santos*, 273 F.3d at 508-09 (holding petitioner's waiver of appeal and collateral attack binding in § 2255 proceeding when sentenced to an imprisonment term within stipulated guideline range); *Pipitone*, 67 F.3d at 39 (holding petitioner's "explicit undertaking in the [Plea] Agreement not to appeal a sentence that fell within a guideline range" precluded him from both

directly appealing or collaterally challenging his sentence).

Here, Petitioner signed a statement in the written plea agreement affirmatively indicating that he read the entire agreement and discussed it with his attorney, and that he understood all of the terms of the plea agreement. (Plea Agreement at 6.) Petitioner, therefore, knowingly and voluntarily waived his right to seek *habeas* relief.

B. Petitioner's Claim of Ineffective Assistance of Counsel is Without Merit

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must (i) prove that counsel's performance fell below an "objective standard of reasonableness" based on the "prevailing professional norms" and (ii) "affirmatively prove prejudice" to himself resulting from the counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). With respect to the first prong of the standard, there is a strong presumption that counsel's performance falls within the "wide range of reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 688). Although this presumption can be overcome, the burden of proving that counsel's performance was unreasonable under prevailing professional norms lies with Petitioner. *See Kimmelman*, 477 U.S. at 381.

With respect to the second prong of the standard, Petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. Additionally, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court in *Strickland* further noted that "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Strickland*, 466 U.S. at 697. Thus, the court first addresses the prejudice prong.

3

Petitioner states in his petition that his attorney "advised, *inter alia*, that a guilty plea would not result in an automatic deportation and that the defendant would have an opportunity to petition immigration for a waiver of deportation. Based on this advice, in part, [he] entered a plea of guilty." (§ 2255 Petition at 2) (emphasis added). Given that Petitioner attests that he pleaded guilty only "in part" because of his counsel's advice regarding the immigration consequences of his plea, Petitioner has not demonstrated that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Moreover, even assuming that Petitioner's counsel misrepresented to him the immigration consequences of his guilty plea, Petitioner had ample warning that his plea would subject him to deportation or removal. During Petitioner's plea allocution, Judge Pohorelsky explicitly asked Petitioner whether he understood that in addition to a fine and special assessment, "for conviction of this offense you are subject to deportation or removal." (Plea Hearing Attached to Government Response at 15.) Petitioner responded that he understood. (Id.) Similarly, Judge Pohorelsky asked Petitioner toward the end of the hearing whether Petitioner had "any questions that [he] would like to ask [the court] about the charge, about [his] rights or about anything else related to this matter that may not be clear." (Id. at 21-22.) Petitioner responded "No, your Honor." (Id. at 22.) Finally, Petitioner's plea agreement, which he signed and the terms of which he indicated that he read and understood in full, provides that in addition to the statutory penalties outlined in the agreement, Petitioner's plea carried "Other penalties: Deportation/removal." (Plea Agreement at 2.)

Furthermore, the court notes that Petitioner neither denies his guilt of the crime to which he pled guilty, nor argues that the Government would not have been able to convict him had he proceeded to trial. *See Taylor v. United States*, 2004 WL 1857574 (S.D.N.Y. Aug. 18, 2004) (finding petitioner failed to establish ineffective assistance of counsel where petitioner did not

4

deny guilt of crime or argue that government would not have been able to convict him at trial). In any event, given that Petitioner was fully advised of the risk of deportation but proceeded with entering his guilty plea, and his own statement in his petition that his counsel's advice regarding the immigration consequences of his plea only party motivated his decision to enter his guilty plea, the court finds that Petitioner has not shown that he was prejudiced by any misrepresentation made to him by his counsel.

To be sure, Petitioner argues that his case is "virtually identical" to that presented in *United States v. Couto*, 311 F.3d 179 (2d Cir. 2002). In *Couto*, the petitioner argued as Petitioner does here that but for her counsel's errors, she would not have pled guilty and would have instead proceeded to trial. In finding that the petitioner in *Couto* had suffered prejudice, however, the Second Circuit noted that the petitioner had been charged with bribery and conspiracy to commit bribery of an INS official. Thus, because "defendant's whole behavior -- including her alleged crime – was designed to avoid deportation," and given that "as soon as she learned the deportation consequences of her plea, she immediately sought to withdraw it," the court concluded that her counsel's misrepresentation about her immigration consequences was the "but for" cause of her guilty plea. *Id.* at 188 n.9. Moreover, the court noted in *Couto* that during the petitioner's plea allocution hearing, "no mention was made of any possible deportation." *Id.* at 187. In contrast here, Petitioner was advised that he would be subject to deportation/removal in both his plea agreement and by the court at his plea allocution. Petitioner can not, therefore, claim that he was prejudiced by his counsel's representation such that but for her advice regarding his immigration consequences he would have not pled guilty and proceeded to trial.

In this regard, the court finds instructive the district court's decision in *Ubiera v. United States*, 2007 WL 656169, at *5 (E.D.N.Y. Feb. 27, 2007). In *Ubiera*, the petitioner again alleged that his counsel affirmatively misrepresented to him the immigration consequences of

his guilty plea. Nonetheless, the court, in denying the section 2255 petition, noted that even assuming defense counsel misrepresented immigration consequences of guilty plea, the petitioner failed to establish prejudice. Specifically, the court noted that the petitioner in *Ubiera*, like Petitioner here, was informed by the court that by pleading guilty he could be subject to deportation, that each time the petitioner had been reminded of this possibility, he did not seek to withdraw his plea, and petitioner, when asked if he had any questions related to his plea, replied "No." *Id.* at 5.

III. CONCLUSION

For the reasons stated, Petitioner's section 2255 *habeas* petition [1] is DENIED. The Clerk of Court is directed to close this case.

SO ORDERED.

                                                                         /s/
                                            SANDRA L. TOWNES
                                            United States District Judge

Dated: March 29, 2013
       Brooklyn, New York